**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 9 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDREW STEVEN STRONG, | No. 19-15249 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-03137-DLR-JZB |
| v. | |
| KYLE PETTENGELL, Tempe Police Officer #20942, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted June 2, 2020[**]

Before:      LEAVY, PAEZ, and BENNETT, Circuit Judges.

Andrew Steven Strong appeals from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging an excessive force claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2000).  We vacate and remand.

The district court dismissed Strong's action after finding that success on Strong's excessive force claim would necessarily imply the invalidity of his conviction for resisting arrest, relying on *Heck v. Humphrey*, 512 U.S. 477 (1994), and taking judicial notice of the fact that Strong pled guilty to resisting arrest with physical force.  However, it is not clear from the face of the complaint or the fact of his guilty plea that his excessive force claim would necessarily call into question the validity of his conviction, because the specific factual basis for his guilty plea is not in the record.  *See Reese v. County of Sacramento*, 888 F.3d 1030, 1046 (9th Cir. 2018) (holding that without the specific factual basis for plaintiff's prior conviction for drawing, exhibiting, or using a firearm or deadly weapon, the court could not determine if plaintiff's excessive force claim would call into question the validity of the conviction); *Hooper v. City of San Diego*, 629 F.3d 1127, 1133-34 (9th Cir. 2011) (explaining that a plaintiff's claim that an arresting officer used excessive force may coexist with a conviction for resisting a lawful arrest, when the conviction and the excessive force claim are based on different actions).  We vacate the district court's judgment and remand for further proceedings.

**VACATED AND REMANDED.**

19-15249